IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    Respondent,

v.

JOHN HOBBY JOHNSON,

    Petitioner

Petitioner's motion to amend is granted. The Government is directed to respond to the original petition (Dkt. No. 1, Case No. 16-cv-5113) and Petitioner's new Davis argument (Dkt. No. 496, Case No. 94-cr-631) by July 10, 2020.

SO ORDERED.

*Paul G. Gardephe* (signature)

Paul G. Gardephe
United States District Judge
June 29, 2020

PETITIONER, JOHN HOBBY JOHNSON'S MOTION
FOR LEAVE TO AMEND/SUPPLEMENT HIS PLEADING
FOR HABEAS CORPUS RELIEF UNDER 28 U.S.C. § 2255

This is a action brought pro se by petitioner, John Hobby Johnson, pursuant to Fed.R.Civ.P.15(D), to respectfully move this Honorable Court for leave to Amendand/or supplement his original pleading for Habeas Corpus relief pursuant to 28 U.S.C. 2255. The accompanying memorandum of points and authorities are submitted in support thereof.

Defentant John Hobby Johnson was convicted by guilty plea of using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. 924(c). The underlying predicate crime of violence supporting his conviction is a 2nd Degree Murder violation of New York State Penal Law 125.25. See Indictment No. (12) 94-CR-631(AGS), Count two, and Plea Agreement.

PG 1

Arguement

Base on the new Supreme court ruling in Davis v.United States, 139 S.Ct.2319(2019),my 924(c) conviction is no longer valid and must be vacated.The Davis decision struck down the residual clause definition of a crime of violence in 924(c)(3)(B)as unconstitutionally vague,leaving intact it's definition under 924(c)(3)(A),known as the "elements" or "force" clause,Davis,139 S.Ct.at 2324.Thus,an offense is a valid underlying "crime of violence" predicate only if it meets the force clause criteria of 924(c).It define's "crime of violence" as,an offense that is a felony and has an element the use,attempted use,or threatened use of physical force against the person or property,18 U.S.C.924(c)(3)(A).

Moreover,Davis held that courts must use,"the categorical approach" to determine whether an underlying predicate qualifies under the force/element clause of 924(c),Davis,139 S.Ct.2327.This approach require's that a court,"looks only to the statutory definitions-i.e. the elements of a defendants offense,and not to the particular facts underlying[the offense]",in determining whether the offense qualifies as a crime of violence.Descamps v.United States,133 S.Ct.2276, 2283(2013).

The Second Circuit has also previously held that in analyzing whether a predicate offense was a crime of violence for the purpose of 924(c),"only the minimum criminal conduct necessary for the conviction under a particular statute is relevant",United States v. Acosta,470 F.3d 132,135(2nd Cir.2006

To determine whether an offense is a crime of violence for purposes of 924(c) courts use a categorical approach, See, e.g., Davis, 139 S.Ct. at 2327; United States v. Barrett, 937 F.3d 126, 128 (2d Cir. 2019) (vacating 924(c) conviction predicated on Hobbs Act conspiracy because the decision whether an offense is a crime of violence "must be made categorically" and conspiracy offenses do not categorically qualify).

Under the categorical approach, courts may "look only to the statutory definitions"-i.e., the elements of an offense and "not to the particular facts underlying those convictions". Descamps v. United States, 570 U.S. 254, 261 (2013) (quoting Taylor v. United States, 495 U.S. 575 (1990); See also United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006). "The key...is elements, not facts". Descamps, 570 U.S. at 261.

To determine the elements of a particular offense a court consults the law itself and to the extent that a law is divisible a limited number of case-specific documents. See, e.g., Shepard v. United States, 544 U.S. 13, 16 (2005); United States v. kroll, 918 F.3d 47, 54-55 (2d Cir. 2019). These so-called Shepard documents include the defendant's indictment, plea agreement, plea colloquy, or jury instructions; they do not include other documents, such as police reports, a bill of particulars.or presentence reports. See, e.g., Shepard, 544 U.S. at 16; United States v. Rosa, 507 F.3d 142, 154-56 (2d Cir. 2007). The documents are consulted only to determine the elements of the offense of which a defendant was convicted, not the facts of the case.

Finally, several circuits have held that offenses which can be committed recklessly-including murder-are no longer valid predicate "crimes of violence" because, as a categorical matter, reckless offenses should not qualify as crimes of violence under the force clause. See, e.g., United States v. Moreno, 821 F.3d 223, 228 (2d Cir. 2016) (holding that assault offense is not a crime of violence under 18 U.S.C. 16(a)'s force clause because it can be committed recklessly); United States v. Begay, 934 F.3d 1033, 1038-39 (9th Cir. 2019) ruling state murder offense was not categorically a crime of violence for purposes of 924(c) because it could be committed recklessly); (United States v. Rose, 896 F.3d 104, 109 (1st Cir. 2018) (explaining that offense with mens rea of recklessness does not qualify as violent felony under ACCA's force clause); United States v. Vederoff, 914 F.3d 1238, 1248 (9th Cir. 2019) (finding that murder does not constitute a crime of violence under the Sentencing Guidelines Career Offender force clause because it can be committed recklessly); United States v. Middleton, 883 F.3d 485, 489 (4th Cir. 2018) (holding that reckless manslaughter does not qualify as a crime of violence under ACCA's force clause). The substantive murder charges here were based on New York State murder prohibitions. By their plain statutory terms, several New York murder offenses, including N.Y. Penal Law 125.25, can be committed recklessly-and therefore should not qualify as crimes of violence under 924(c)'s force clause.

New York State criminal offenses, including murder, may also be committed by omission. See, e.g., People v. Steinberg, 79 N.Y.2d 673, 680 (1992)("The Penal Law provides that criminal liability may be based on an omission...Thus, a parent's failure to fulfill [a legal] duty can form the basis of a homicide charge".) An offense that can be committed by omission is not categorically a crime of violence under the force clause because it does not require the intended, threatened, or actual use of physucal force. See, e.g., Chambers v. United States, 555 U.S. 122, 127-128 (2009)(stating that failure to report to a penal institution, which "[c]onceptually speaking, amounts to a form of inaction," does not have as a element the use, attempted use, or threatened use of physical force against the person of another"); United States v. Mayo, 901 F.3d 218, 230 (3d Cir. 2018)(holding that Pennsylvania aggravated assault statute that "criminalizes certain acts of omission" does not satisfy ACCA's force clause); United States v. Scott, No. 06 Cr. 988(LTS), 2017 WL 2414796, at 2-3 (S.D.N.Y. Jul. 2, 2017)(Holding first-degree manslaughter in violation of N.Y. Penal Law 125.20 is not categorically a violent felony under ACCA because it can be committed by omission. Defendant Johnson's 924(c) conviction is predicated on the murder of Donald Moore, a/k/a "Duck", in violation of New York State Penal Law 125.25; See indictment(S12) 94-Cr-631(AGS). Since certain crimes, including murder, can be committed recklessly or by omission, and do not meet the required use, attempted use, or threatened use of physical force against the person or property, for reasons set forth the court should grant the 2255 motion to vacate defendant Johnson's 924(c) conviction and sentence.

## CONCLUSION

I ask that this court grant defendant Johnson's Motion pursuant to 28 U.S.C. 2255 and vacate defendant's 924(c) conviction and sentence. The court should further order his prompt resentencing on the single remaining count of conviction.

*John Johnson* (signature)

John Hobby Johnson
Reg#37769-054
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640-5433

## Certificate of Service

I, John Hobby Johnson, hereby certify that on the ___12th___ day of ___June___ 2020, copies of the foregoing 28 U.S.C. 2255, under penalty of perjury that I mailed a true and accurate copy of Motion via the U.S. Post Office, First Class Mail, Postage Pre-Paid(28 U.S.C. 1746)(18 U.S.C. 1621)

One(1) Copy to:
Clerk of the court
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

One(1) Copy to
United States Attorney's Office
Southern District of New York
500 Pearl Street
New York, New York 10007

Respectfull submitted,

*John Johnson* (signature)

John Hobby Johnson
Reg#37769-054
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL, NJ 08640

Bobby Johnson
Reg# 37169-054
F.C.I. Fort Dix
P.O. Box 2000
Joint Base MDL NJ 08640

JUN 23 PM 2:53
CLERK'S OFFICE
S.D.N.Y.

FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000,
FORT DIX, NJ 08640

The enclosed letter was processed through special mail procedures. This letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material. If the writer encloses correspondence for forwarding to another address or includes unauthorized items, please return to the above address.

Crim. Docketing



Clerk of the Court
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

